THE STATE OF ILLINOIS, Defendant in Error, *vs.* PHILLIP AIELLO *et al.* Plaintiffs in Error.

*Opinion filed April 24, 1925—Rehearing denied June 3, 1925.*

1. CONSTITUTIONAL LAW—*what jurisdiction may be conferred on county courts under constitution.* Under section 18 of article 6 of the constitution the legislature is authorized to give to county courts jurisdiction over any matter, either in law or equity, which it sees fit to confer.

2. PROHIBITION—*provision of Prohibition act conferring equity jurisdiction on county courts is valid.* The provision of section 23 of the Prohibition act conferring equity jurisdiction upon county courts is valid.

3. SAME—*violation of an injunction is not a criminal contempt.* The contempt committed in violating an injunction under the Prohibition act is not a criminal contempt, and the sworn answers of the defendants do not purge them of the contempt. (*People* v. *Panchire*, 311 Ill. 622, and *State* v. *Froelich*, 316 id. 77, followed.)

WRIT OF ERROR to the County Court of Sangamon county; the Hon. EUGENE E. BONE, Judge, presiding.

FAIN & BAKER, for plaintiffs in error.

EDMUND BURKE, Corporation Counsel, and W. EDGAR SAMPSON, City Attorney, for the People.

Per CURIAM: At the June, 1923, term of the county court of Sangamon county, the State of Illinois, by the city attorney and corporation counsel of the city of Springfield, filed a bill for injunction against plaintiffs in error, Phillip Aiello and Theodore Benz, with M. A. Jones, charging violation of the Illinois Prohibition act. On the 25th of June, 1923, plaintiffs in error entered their appearance and consented that a decree for permanent injunction be entered against them. On the 22d of August following, they were arrested and charged with selling intoxicating liquors in violation of the Prohibition act. In December, 1923, warrants

were issued charging them with contempt by reason of the violation of the injunction granted at the June, 1923, term. They moved to dismiss the petition on the grounds, among others, that the Prohibition act is unconstitutional and that the county court had no jurisdiction to grant the injunction. This motion was overruled and plaintiffs in error filed answers and affidavits denying the charge in the petition. A hearing was had before the court, and testimony was offered and received over the objection of plaintiffs in error, the ground for the objection being that the contempt alleged was a criminal contempt, and that their sworn answers purged them of that contempt. Plaintiffs in error offered no evidence other than the affidavits filed with their sworn answers, and the court found and adjudged them guilty of violating the permanent injunction, and that by reason thereof they were in contempt of court. Aiello was adjudged to pay a fine of $1000 and one-half of the costs and to serve a term of ten months in the county jail, and Benz was sentenced to pay one-half of the costs of the proceeding and to be confined in the county jail for a period of six months.

Plaintiffs in error contend here that the judgment of the court is contrary to the evidence; that the county court, under the constitution, has no jurisdiction to issue a writ of injunction or to punish for contempt for the violation thereof; that a proceeding in contempt is criminal in character, and that therefore the answers of the defendants, under oath, purged them of contempt. It is also contended that the judgment of the court was unreasonable, cruel and unusual. Plaintiffs in error further say that the Illinois Prohibition act is so vague in its terms and so conflicting in its provisions that it cannot be executed and is therefore void. Since this assignment of error is not in any way supported by either argument or citations of authority and counsel do not point out wherein they consider this objection to apply, no further attention need be given it.

Considering first the objection that the decree of the court is contrary to the evidence, we find from the affidavits on file and the evidence heard that the petition for the issuance of warrants charging plaintiffs in error with contempt is supported by the affidavits of Ward Sheneman, Henry Sheneman, John R. Conrey and Austin Jones, who positively state that they purchased intoxicating liquors from plaintiffs in error. All of them except Ward Sheneman testified on the hearing. His affidavit was that he is eighteen years of age; that on the night of the 27th of August, 1923, he entered the fruit stand and confectionery store conducted by Aiello and that he there purchased intoxicating liquor from him. The affidavit and testimony of Henry Sheneman, father of Ward, show that the witness was a police officer in the city of Springfield; that on the 27th of August he drove with his son to a place near the fruit stand conducted by Aiello and gave his son one dollar and an empty half-pint bottle and directed him to go into the fruit stand and see if he could purchase some "mule whisky;" that his son went into the place and returned with a half-pint bottle full of mule whisky; that he later went back to the same place and found Benz, who was pointed out to him by his son, Ward, as being one of the men who had participated in the sale of the liquor to him; that he arrested Benz, and on the way to the police station Benz pulled a bottle out of his pocket and broke it by throwing it onto the sidewalk and that its contents gave off the odor of intoxicating liquor. Conrey and Jones both testified to having purchased liquor from Benz after the issuance of the injunction; that they paid him for it the sum of fifty cents per drink, and that they also later purchased two drinks of mule whisky from Aiello. The affidavits filed by plaintiffs in error deny these statements. The record establishes, beyond a reasonable doubt, the truth of the charges in the petition. The first contention of the plaintiffs in error, therefore, cannot be sustained.

317—11

Section 23 of the Illinois Prohibition act (Smith's Stat. p. 839,) provides as follows: "Complete equity jurisdic-, tion is hereby conferred upon all county courts, concurrent with circuit courts, and the superior court of Cook county, to hear and determine all injunction cases which may be brought under this act." In support of plaintiffs in error's contention that the Illinois Prohibition act is unconstitutional, in that it confers equity jurisdiction upon the county court, they cite sections 12 and 18 of article 6 of the constitution. Section 12 is as follows: "The circuit courts shall have original jurisdiction of all causes in law and equity, and such appellate jurisdiction as is or may be provided by law." Section 18, in so far as it is material here, is as follows: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate * * * and such other jurisdiction as may be provided for by general law." Plaintiffs in error contend that under these sections all equity jurisdiction is exclusively conferred on the circuit court. The argument is, that since section 12 confers original jurisdiction in all cases of law and equity on the circuit court, the rule *expressio unius est exclusio alterius* applies, and the legislature has no power to confer equity jurisdiction on the county court.

In *Myers v. People,* 67 Ill. 503, the act of 1872, increasing the jurisdiction of county courts, was considered, and it was held that the language of the last clause of section 18 of article 6 of the constitution, conferring on county courts such other jurisdiction as may be provided for by general law, "is broad enough to warrant the legislature in conferring upon the county courts of the State concurrent jurisdiction with the circuit courts," though the legislature could not deprive circuit courts of the original jurisdiction vested in them by the constitution.

In *People* v. *Loomis,* 96 Ill. 377, this court considered an application for a writ of *mandamus* to compel the clerk of the county court of Cook county to issue summons

in a foreclosure suit filed in that court under an act of
the legislature conferring on county courts power to fore-
close mortgages.  The county clerk had refused to issue
summons on the ground that the legislature had by the
act of 1877 established a probate court in counties of more
than fifty thousand population, and that Cook county came
within the requirements of that act, the foreclosure of mort-
gages was thereby transferred to the probate court.  It was
there held that the probate court was a court of special
jurisdiction embracing but the subjects named in the con-
stitution, and that therefore it could not be authorized to
foreclose mortgages; that the power to foreclose was by
the act of 1869 conferred upon the county court under the
provisions of section 18 of article 5 of the constitution of
1848, which provided that the jurisdiction of the county
court shall extend to all probate matters and such other
jurisdiction "as the General Assembly may confer in civil
cases;" that the power thus resting in the county court at
the time of the creation of the probate court of the county,
the county court still had jurisdiction, and the writ of *man-
damus* was awarded requiring that the clerk of the county
court file the bill for foreclosure and to issue summons
thereon.  While the constitutionality of the act of 1869,
conferring jurisdiction on the county court to foreclose
mortgages, as considered in that case, rested on the con-
struction of section 18 of article 5 of the constitution of
1848, yet the provisions of that section are, in effect, the
same as the last clause of section 18 of article 6 of the
constitution of 1870, and the case applies with force for
that reason.

In *In re Estate of Mortenson*, 248 Ill. 520, an act to ex-
tend the jurisdiction of probate courts, and county courts
having probate jurisdiction, to include complete adminis-
tration of estates, in force July 1, 1909, (Laws of 1909,
p. 175,) was considered.  It provided that original jurisdic-
tion be conferred upon probate courts, and county courts

having probate jurisdiction, to supervise and control all testamentary trusts created by wills of deceased persons and admitted to probate in such courts, including the appointment and removal of trustees and issuing of letters of trusteeship. It is there held that under the provisions of section 18 of article 6 of the present constitution, granting to the legislature power to confer upon the county court "such other jurisdiction as may be provided for by general law," the legislature may confer upon county courts any jurisdiction which may be deemed advisable, but that the power to confer administration of trust estates on probate courts was not given to the legislature under the provisions of section 20 of article 6, authorizing the establishment of such courts.

In *Frackelton* v. *Masters,* 249 Ill. 30, the constitutionality of the act of 1909 was again considered, and it was held that the legislature is authorized, under the last clause of section 18 of article 6 of the constitution, to confer additional jurisdiction on the county court. It was there said: "We are of the opinion that the legislature is without constitutional power to invest probate courts with this general equity jurisdiction. The legislature may, as we have already seen, extend the jurisdiction of county courts to any matter, either of law or equity. Had the act in question been limited to county courts the constitutional objection already pointed out would not exist." It was held that the act was valid in so far as it related to county courts though not as to probate courts.

From a consideration of the language of the last clause of section 18 of article 6 of the constitution, and of the cases cited, it seems clear that under that section of the constitution the legislature is authorized to give to the county court jurisdiction over any matter, either in law or in equity, which it sees fit to confer. The contention, therefore, that the Prohibition act in so conferring equity jurisdiction is unconstitutional cannot be sustained.

The contention that the contempt involved here is a criminal contempt, and that therefore the sworn answers of plaintiffs in error purged them of contempt, is answered contrary to this contention in *People* v. *Panchire*, 311 Ill. 622, and *State* v. *Froelich*, 316 id. 77.

The punishment is within the provisions of the statute and is not excessive. The evidence shows a flagrant disregard of the injunction writ and the laws of this State.

There is no error in the record and the judgment will be affirmed.

*Judgment affirmed.*