(No. 20878.—

FANNIE E. BOWERS, Defendant in Error, *vs.* ALBERT H. GLOS *et al.* Plaintiffs in Error.

*Opinion filed December 17, 1931.*

JOHN R. O'CONNOR, ALBEN F. BATES, WILLIAM M. WEBSTER, EDGAR H. PARNELL, and F. C. OIEN, for plaintiffs in error.

A. M. BURROUGHS, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is a proceeding brought in the county court of Cook county by Fannie E. Bowers, heir-at-law and next of kin and administratrix of the estate of Cora A. Wilder, deceased, against Albert H. Glos and the Elmhurst State Bank, a corporation, as trustee, for the purpose of procuring an order directing the re-conveyance of a tax title under the provisions of an act approved June 14, 1909, as amended in 1915.

The proceeding was commenced by the filing of an affidavit by Fannie E. Bowers in the county court of Cook county on April 2, 1930, in which it was alleged that Cora A. Wilder, deceased, during her lifetime was the owner in fee simple of the premises described therein; that the petitioner, Fannie E. Bowers, was her sole heir and was duly appointed the administratrix of her estate. The petitioner further stated that the premises had been sold for taxes on November 2, 1925, November 18, 1925, and November 23, 1925, and that thereafter three tax deeds were issued by the county clerk of Cook county to Albert H. Glos on said sales; that he subsequently conveyed all interest

acquired by the tax deeds to the Elmhurst State Bank, a corporation, as trustee; that neither Glos nor the Elmhurst State Bank was in possession but that Fannie E. Bowers was in possession, and that she is desirous of obtaining a re-conveyance, and for that purpose had tendered to the bank the sum of $82.60, being, as alleged, the total sum paid out by Glos and the Elmhurst State Bank, or either of them, together with the statutory fees and costs incurred, and that the bank refused to accept said sum and refused to re-convey. The petitioner offered to pay the county treasurer the amount alleged to have been tendered, which was based upon an estimate made by the county clerk of Cook county. The petitioner also prayed that a fine of $200 be assessed against Glos and the Elmhurst State Bank, and that the sheriff of Cook county or some master in chancery be ordered to execute a re-conveyance.

The Elmhurst State Bank filed an answer denying that the petitioner was the owner of the property, alleging that it was the owner of the premises and had a valid subsisting title thereto in fee simple, and that the petition involved a controverted question of title, of which the county court had no jurisdiction. The answer also alleged that the Re-conveyance act violated and contravened the constitution of the United States and the constitution of the State of Illinois in various particulars.

Albert H. Glos filed a limited appearance for the purpose of contesting and questioning the jurisdiction of the court, which was followed by a plea filed October 1, 1930, setting up that this was, and is, an original proceeding instituted and filed on February 4, 1930, and was not filed in the matter of the application of the county treasurer for judgment for delinquent taxes, as the Re-conveyance act directs, but was a separate and independent proceeding at law, and that therefore the court was without jurisdiction; that there had been no legal or valid process of service upon Glos, and that the court had no jurisdiction of the subject

matter because it involved the title to real estate. No ruling was made on this plea. A hearing was had on October 25, 1930, before the judge of the county court of McHenry county sitting as a judge of the county court of Cook county.

There is no conflict in the evidence. It shows that no action had been commenced to dispossess Fannie E. Bowers or Cora A. Wilder. A warranty deed to Cora A. Wilder was received in evidence, also an unsigned inventory for her estate filed in the probate court of Cook county, in which the real estate was listed and described. Testimony was given to the effect that Fannie E. Bowers was in possession of the property during the absence of Cora A. Wilder, and that since her death Fannie E. Bowers had remained in possession and that there had been no conveyance made by her. The county clerk's estimates were offered in evidence showing the amount to which the holder of the tax title would be entitled on setting the same aside.

At the close of evidence a judgment order was entered finding that there had been tax sales to Albert H. Glos and that tax deeds were issued to him; that the tax interest had been conveyed to the Elmhurst State Bank; that a valid tender had been made and refused and that a demand to re-convey was also refused; that there had been due notice of the date set for hearing, and it was ordered, adjudged and decreed that petitioner pay $82.60 to the county treasurer, and that Harry A. Riley, a master in chancery, reconvey the premises to petitioner, in the name of the Elmhurst State Bank, a corporation, and Albert H. Glos and wife, and that the bank and Glos be fined in the sum of $50. From this judgment an appeal was prayed for and denied and time allowed to file a bill of exceptions. The cause is here on writ of error.

The principal errors relied upon for a reversal of the judgment order are that the county court had no jurisdiction of the subject matter because it involved a contro-

verted question of title to real estate; that the court erred in directing the amount of the tender to be deposited with the county treasurer and that a master in chancery execute a deed of conveyance in the name of Albert H. Glos and the Elmhurst State Bank, as trustee, and that the act relating to re-conveyance of tax titles is unconstitutional and void because it is in violation of the constitution of the United States and the constitution of the State of Illinois in numerous particulars, as set forth in the answer of the Elmhurst State Bank and in the assignment of errors.

The Re-conveyance act does not violate that provision of section 5 of article 9 of the constitution of Illinois of 1870 which declares that the "right of redemption from all sales of real estate for the non-payment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years," or the provision of the Revenue law (chap. 120, sec. 210,) that "tax sales are redeemable at any time before the expiration of two years from the date of sale." The act relating to re-conveyance of tax titles, the constitutionality of which is here involved, is as follows:

"Sec. 1. Whenever the grantee of a tax deed to real estate, or anyone claiming thereunder, shall not be in possession or occupation of said premises so claimed and shall not take or institute proceedings in good faith to take possession within one year after the date of the first tax deed under his alleged tax title, or whenever the grantee of a tax deed to real estate or anyone claiming thereunder shall suffer the same to be forfeited to the State or again sold for taxes or special assessments before he has completed the payment of all taxes and special assessments legally assessed thereon for seven consecutive years, then it shall be lawful for the owner of said real estate or his agent or attorney to pay or tender said tax title holder the amount of moneys paid out and expended by said tax title holder

upon said sale with seven per cent (7%) interest per annum thereon, together with subsequent taxes and special assessments paid and the statutory fees and cost incurred, and that upon such payment or tender the said tax title holder shall re-convey the premises aforesaid to the owner thereof, the amount of such tender may be based upon an estimate prepared by the county clerk. * * *

"Sec. 2. Any tax title holder failing or refusing to reconvey said premises to the owner thereof on demand after payment or tender of the amounts due, as provided for in section 1 of this act, shall be fined a sum not less than fifty dollars ($50) and not more than two hundred dollars ($200) for each offense. One-half of said fine shall go to said property owner and one-half to the county.

"Sec. 3. Upon affidavit or proof of tender being made, as provided by section 1 of this act, the county court in the same proceeding wherein the sale upon said deed issued, may order upon the service of such notice as the court shall direct, the amount of said tender deposited with the county treasurer and that the sheriff or any master in chancery in said county may in the name of the holder of such title convey the premises to the owner thereof, and conveyance of tax title."

Section 5 of article 9 of the constitution does not purport to fix a maximum time in which redemption from tax sales may be made, but in express terms only fixes the limit on the legislature to prevent it enacting a law providing for a less term than two years for such redemption. The right to tax rests upon necessity, is inherent in every government, and with us is vested in the legislative department, which possesses plenary power over the subject, except so far as it may be restricted by the constitution of the State or of the United States, and that it rests with those who allege the unconstitutionality of an act of the legislature to show, clearly and palpably, wherein it violates the constitution, is a fundamental principle that cannot be controverted.

(*Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561.) Plenary power over the subject necessarily means full and ample power over the entire subject from its inception, such as ascertaining the amount to be raised by taxation, levy, assessment, collection, sale for taxes, forfeiture, issuance of tax deeds, the force and evidentiary effect thereof and the rights acquired by the buyer thereunder, subject only to constitutional limitation. The act in question does not extinguish the buyer's tax title, but merely imposes upon him the necessity of taking actual possession if the property is vacant and unoccupied or instituting a proceeding to secure possession. The contract of sale is not impaired in any degree.

The act in question is not unconstitutional as impairing the obligation of a contract between plaintiffs in error and the State of Illinois, neither does it deprive plaintiffs in error of property without due process of law. By the tax deeds in question plaintiff in error Glos did not receive an absolute, indefeasible fee in the land described therein. He only received such an interest as the county clerk could convey to him. While the deeds purport to convey to Glos, his heirs and assigns forever, the real estate described in the deeds, each deed contained the provision, "subject, however, to any redemption provided by law." When Glos transferred his interest to the Elmhurst State Bank he could not and did not transfer to it any interest greater than he himself had. In *Illinois Bankers Ass'n* v. *Collins,* 341 Ill. 548, it is said: "A basic rule of the construction of contracts and a material part of every contract is that all laws in existence when the contract is made necessarily enter into and form a part of it as fully as if they were expressly referred to or incorporated into its terms. This principle embraces alike those which affect its validity, construction, discharge and enforcement.—*Armour Packing Co.* v. *United States,* 14 L. R. A. (n. s.) 400; *United States* v. *Quincy,* 18 U. S. (L. ed.) 403; *Rees* v. *Water-*

*town,* 22 id 74; *Edwards* v. *Kearzey,* 24 id. 793; *Siebert* v. *United States,* 30 id. 1161; *Farmers Bank* v. *Federal Reserve Bank,* 67 id. 1157; *Reutenik* v. *Gibson Packing Co.* 132 Wash. 108; *In re Fidelity Bank,* 35 Ida. 797; *Cincinnati* v. *Public Utility Co.* 98 Ohio, 320, 121 N. E. 688." The Re-conveyance law was in force and effect at the time of the making of the tax deeds here in question, and it became and was a part of such tax deeds as fully as if its provisions had been expressed therein, and the title conveyed by the deeds was subject to be divested in compliance with the provisions of the act.

The act in question neither impairs the obligation of a contract between the grantee and the State, deprives the grantee of property without due process of law, abridges his privilege and immunities as a citizen of the United States, nor is it in violation of the State constitution as being class legislation. There is a clear distinction between a deed voluntarily made by a grantor and a tax deed where the owner's interest in property is without his volition conveyed to the grantee. Legislation which applies only to a certain class is not necessarily special legislation within the meaning of the constitution. Laws are general and uniform when alike in their operation upon all persons in like situation. When a law is made applicable to only one class of individuals, however, there must be some actual, substantial difference between the individuals so classified and other individuals in the State or community when considered with reference to the purposes of the legislation. (*Jones* v. *Chicago, Rock Island and Pacific Railway Co.* 231 Ill. 302.) While a class cannot be created by arbitrary declaration of the law-making power and endowed with special legislative favor, (*People* v. *Board of Supervisors,* 185 Ill. 288,) a distinction of legislation is not arbitrary if any state of facts can reasonably be conceived that would sustain it. (*Bagdonas* v. *Liberty Land and Investment Co.* 309 Ill. 103.) Legislative classification does not have to

be so broad and comprehensive as to include all the evils which might by possibility be brought within its terms. Classification must be accommodated to the problems of legislation and must be palpably arbitrary to authorize a judicial review of it. It cannot be disturbed. by the courts unless they can see clearly that there is no fair reason for the law that would not require with equal force its extension to others whom it leaves untouched. (*Stewart* v. *Brady,* 300 Ill. 425.) The legislature has a wide discretion in classifying the objects of its legislation, and such classification need not be scientific or logically appropriate. If uniform within the class and not palpably arbitrary it will be sufficient. *People* v. *Saltis,* 328 Ill. 494.

By section 18 of article 6 of the constitution of 1870 it was declared that "county courts shall be courts of record and shall have original jurisdiction * * * and in proceedings for the collection of taxes and assessments, and such other jurisdiction as may be provided for by general law." A jurisdiction thus conferred on the county court in proceedings for the collection of taxes and assessments is a general jurisdiction of unlimited extent over that subject. (*People* v. *Miller,* 339 Ill. 573.) By reason of the latter part of the above section of the constitution the legislature is authorized to give to county courts jurisdiction over any matter, either in law or equity, which it sees fit to confer. (*State of Illinois* v. *Aiello,* 317 Ill. 159; *Myers* v. *People,* 67 id. 503; *People* v. *White,* 334 id. 465.) The enactment of the Re-conveyance act and the giving of jurisdiction to the county court to hear cases arising thereunder was within the power of the legislature, and plaintiffs in error's assignments of error to the effect that the county court did not have jurisdiction to hear this particular case are without merit.

Many other errors are assigned. We have examined them all and find that they are, in effect, answered by what we have said herein.

632

The facts in the case are not disputed, and after a full consideration of all the constitutional and other questions raised by plaintiffs in error in their assignments of error we are of the opinion that the court could not without reversible error have entered an order in accordance with plaintiffs in error's contention.

The judgment of the county court is in accordance with the law applicable to the undisputed facts, and it is affirmed.

*Judgment affirmed.*