(No. 20879.—)
ROBERT PRAGER, Defendant in Error, *vs.* ALBERT H. GLOS *et al.* Plaintiffs in Error.

*Opinion filed April 23, 1932—Rehearing denied June 8, 1932.*

JOHN R. O'CONNOR, ALBEN F. BATES, and EDGAR H. PARNELL, (F. C. OIEN, C. SIDNEY VANDUZER, and WILLIAM M. WEBSTER, of counsel,) for plaintiffs in error.

LEFKOW & LEFKOW, (A. J. W. APPELL, of counsel,) for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Robert Prager instituted a proceeding by petition in the county court of Cook county against Albert H. Glos and the Elmhurst State Bank, a corporation, as trustee, to obtain a re-conveyance of a tax title to certain lots. Glos filed a limited appearance, followed by a plea averring that the present proceeding was separate and distinct from the ap-

plication of the county treasurer which resulted in the judgment forming the basis of the particular tax deed and that the relief sought could only be obtained in the latter proceeding. The trustee filed an amended answer denying that the petitioner owned the lots; averring that the fee simple title thereto was vested in itself, and charging that the act under which the proceeding was brought contravened the Federal and State constitutions and that the petition presented a controverted question of title which the county court had no jurisdiction to determine. After a hearing the county court entered an order in the appropriate application by the county treasurer and *ex-officio* collector for judgment and order for the sale of delinquent lots and parcels of land, that the petitioner deposit $595 with the county treasurer within twenty days; that upon the making of the deposit, the sheriff of Cook county, on behalf and in the name of the respondents Albert H. Glos and the Elmhurst State Bank, as trustee, convey the lots in question to the petitioner, and that the respondents pay the county treasurer $100 as a fine for their failure to re-convey the lots to the petitioner upon his tender to them of the sum of money owing for such a conveyance. Upon application by the respondents, the time for filing a bill of exceptions was fixed, but an appeal to this court was denied. This writ of error followed.

The evidence discloses the following facts: Robert Prager, the defendant in error, acquired the title to lots 47 and 48 in Uhlich & Muhlke's addition to Chicago. The lots are improved by a three-story building and the defendant in error is in possession of the premises. A special assessment on the property became delinquent, and pursuant to a judgment of the county court, rendered upon the county collector's application, the property was sold on January 22, 1926. No redemption was made from the sale and on January 16, 1929, the county clerk executed and delivered a tax deed conveying the lots to Albert H. Glos. Subsequently,

Glos and his wife conveyed the property to the Elmhurst State Bank, as trustee, by two quit-claim deeds, one dated February 9, and the other June 29, 1929. These deeds and the tax deed were filed for record shortly after they were respectively executed. No proceeding to obtain possession of the property was instituted by either plaintiff in error within the period of one year from the date of the tax deed. On January 2, 1930, the defendant in error tendered to an agent of the plaintiff in error Glos, at his office in Chicago, $584.49 which, according to the county clerk's estimate, was the sum of the moneys advanced by Glos at the tax sale and for subsequent taxes and special assessments, with interest on such disbursements, and for the requisite statutory fees and costs. The tender was made for the purpose of obtaining a re-conveyance of the tax title. On January 20, 1930, $595 was tendered the plaintiff in error, the Elmhurst State Bank, as trustee, for the same purpose. Both tenders were refused and the present proceeding was instituted.

The petition was filed by authority of the act entitled "An act in regard to tax title and providing for the re-conveyance of tax titles and fixing a penalty for failure or refusal to re-convey," approved June 14, 1909, as amended (Cahill's Stat. 1931, pp. 2383, 2384; Smith's Stat. 1931, pp. 2462, 2463). Section 1 of the act provides, among other things, that whenever the grantee of a tax deed to real estate, or any person claiming under him, shall not be in possession of the premises so claimed, nor institute proceedings in good faith to take possession within one year after the date of the first tax deed, or whenever such grantee or person claiming under him shall suffer the premises to be forfeited to the State or again sold for taxes or special assessments before he has completed their payment for seven successive years, then it shall be lawful for the owner of the real estate, his agent or attorney, to pay or tender to the tax title holder the sum of the disbursements by the

latter upon the sale, with interest thereon at seven per cent per annum, also for subsequent taxes and special assessments and for statutory fees and costs, and that upon such payment or tender the tax title holder shall re-convey the premises to the owner. Section 2 provides that any tax title holder failing or refusing to re-convey the premises to the owner on demand after payment or tender of the sum due, as provided by section 1, shall be fined not less than $50 nor more than $200 for each offense and that one-half of the fine shall go to the property owner and the other half to the county. The third section provides in substance that upon affidavit or proof of tender being made, the county court, in the proceeding which resulted in the tax sale and deed, and upon the service of notice, may order that the amount of the tender be deposited with the county treasurer and that the sheriff or any master in chancery, in the name of the holder, convey the tax title to the owner of the premises.

The errors assigned and relied upon for a reversal of the order may be reduced to the following: First, the act of June 14, 1909, as amended, providing for the re-conveyance of tax titles is unconstitutional and hence void, because (*a*) it impairs the obligation of a contract; (*b*) it deprives the plaintiffs in error of their property without due process of law; (*c*) it denies them the equal protection of the laws; (*d*) it abridges their privileges and immunities as citizens of the United States, and (*e*) it constitutes unwarranted class legislation; and second, the case involves a freehold and the county court has no jurisdiction to hear and determine such a case or to render a binding judgment respecting a freehold. The same questions were presented in *Bowers* v. *Glos,* 346 Ill. 623, and *Elmhurst State Bank* v. *Stone,* 346 id. 157, and were determined adversely to the contentions of the plaintiffs in error. These cases are decisive of the case at bar and the order of the county court must therefore be affirmed. *Order affirmed.*