(No. 24018.—

THE CITY OF MT. OLIVE, Appellee, *vs.* FRED BRAJE *et al.* Appellants.

*Opinion filed April 16, 1937.*

PERRY H. HILES, and JAMES H. MURPHY, for appellants.

L. M. HARLAN, and JESSE PEEBLES, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The city of Mt. Olive instituted a condemnation proceeding in the county court of Macoupin county in connection with the improvement and extension of its water

works system under a loan and grant from the Federal Emergency Administration of Public Works. The land taken is to be used for an impounding reservoir. A judgment on the verdict of a jury awarded Fred Braje and Lena Braje $2340 for 54.05 acres of land taken, $320 for damages to land not taken, and awarded John H. Schwing and Christine Schwing $70 for 1.6 acres of land taken and $20 for damages to land not taken. They appeal from the judgment.

The first ground urged for reversal is that section 3 of the statute under which the ordinance for the project was adopted (Smith-Hurd Stat. 1935, chap. 24, par. 442; State Bar Stat. 1935, chap. 24, par. 1089;) is unconstitutional. The attack is directed at that part of the section which provides that if it is declared in the ordinance that such extensions and improvements are to be paid for, either wholly or in part, by a loan or grant, or both, from the Federal Emergency Administration of Public Works or other federal agency, the ordinance authorizing the issuance of revenue bonds shall be in full force and effect immediately upon its adoption, approval and publication as therein provided; while in all other cases, if, within twenty-one days after publication of the ordinance, a petition for a referendum signed by twenty per cent of the legal voters is filed with the clerk of the municipality, the question of improving and extending such water-works and the issuance of such bonds, shall be submitted to the legal voters at a special election.

The ordinance provides it shall be effective upon its passage, approval and publication, and it is agreed that it conforms to the provisions of section 3. The claim is that the challenged provision contravenes section 22 of article 4 of the constitution prohibiting the passage of local or special laws; that it is discriminatory, denies the equal protection of the law, and is an arbitrary classification in violation of due process of law. It is urged there is no valid

reason why the legal voters should not have the same right to express themselves upon the questions involved, whether or not the project is to be paid for, in whole or in part, by a federal loan or grant, or both.

Section 3 of the act applies to all municipalities in the State having a population under 500,000. Special laws are those made for individual cases, or for less than a class requiring laws appropriate to its peculiar conditions and circumstances. Local laws are special as to place. A law is not local or special in a constitutional sense if it operates in the same manner upon all persons in like circumstances. (*People* v. *Borgeson,* 335 Ill. 136; *People* v. *Wilcox,* 237 id. 421.) Laws are general and uniform when alike in their operation upon all persons in like situation. (*Bowers* v. *Glos,* 346 Ill. 623.) Any city, village or incorporated town with a population of less than 500,000 may avail itself of the provisions of the act. The mere fact that one municipality chooses to so avail itself does not make the act discriminatory or place that municipality in any different class from those which do not. They have the right to do so if they desire. The legal voters of any such municipality have no inherent or constitutional right to require the governing body to submit any legislation to a referendum. Such requirements exist only by virtue of statutory provisions which the legislature has the right to impose or withhold. The wisdom of requiring a question to be submitted under certain circumstances, and not under others, is a matter for legislative determination, and not for the courts. (*Fenske Bros. Inc.* v. *Upholsterers International Union,* 358 Ill. 239.) Whenever a municipality adopts an ordinance under the provisions of section 3, with or without Federal aid, the voters of that municipality have the same rights in any case as the voters of any other municipality similarly situated. The statute is not unconstitutional for any of the reasons urged.

It is next claimed the court committed reversible error in admitting improper testimony on the cross-examination of two witnesses for appellants. On cross-examination of Frank Fritzche appellee's counsel was permitted to show that the witness had, within two or three years previous, sold a farm of 140 acres about one-half mile from some of the land condemned; that the sale was made to his brother for $2000, and that the witness took back the farm upon default in payment of a mortgage for the same amount. Counsel for appellee was likewise permitted to show on cross-examination of the witness William Schultz that within the preceding three or four years, by an arrangement with his sister and a defunct bank, he conveyed his farm of 241 acres lying directly across the road from the Braje farm in satisfaction of prior obligations aggregating $3300. The bank got the deed and his sister now owns the land. The consideration for the transfer was a debt to his sister of $2000, debts to the bank, and his stockholder's liability to its creditors. He testified he didn't want his sister to lose the money he owed her, and the transaction was to enable her to buy the farm and save her debt. There is no testimony to show that he had been sued or threatened with a suit on account of any of his obligations.

The rule is, that evidence of voluntary sales of other lands in the vicinity similarly situated, as affecting their value, is admissible to aid in estimating the value of the tract condemned. But the party offering the proofs must show that the sales were voluntary and that the lands so sold were similar in locality and character to the land in controversy. *Forest Preserve District* v. *Caraher,* 299 Ill. 11; *O'Hare* v. *Chicago, Madison and Northern Railroad Co.* 139 id. 151; *Lanquist* v. *City of Chicago,* 200 id. 69.

It is claimed here that the testimony of both witnesses as to these transactions was incompetent and prejudicial because it was not shown that the land was similar in character to the land of appellants. No such objection was

interposed in the trial court, and the error, if any, cannot now be urged for the first time. The basis of the objections made was that the sales were not voluntary. As to the Fritzche sale to his brother, the contention is obviously without merit. The testimony shows a voluntary sale. The subsequent reconveyance on account of the mortgage debt has no bearing on the question. The Schultz conveyance was made in satisfaction of prior obligations. A sale made as a compromise or in settlement of a prior debt is not a fair criterion of value, because it may be that the party taking the property in payment has no option to refuse. He may be obliged to elect between that course and the uncertainty and trouble of legal proceedings. (*Lanquist* v. *City of Chicago, supra.*) Schultz testified in chief that the Braje farm was worth, as a whole, $40 to $45 an acre, and the land taken was worth $95 to $100 an acre. Appellee had a right to test the weight and credibility of his testimony by proper inquiries. Much latitude is allowable in the cross-examination of a witness who testifies to the value of lands in such a proceeding. (*Dady* v. *Condit,* 209 Ill. 488.) But such latitude does not permit the admission of incompetent testimony. The evidence of the Schultz transaction should not have been admitted, but we are unable to say it was so prejudicial as to require a reversal. The other testimony was sufficient to sustain the verdict and it does not appear that if the improper testimony was omitted upon another trial there would be any different result.

Complaint is made of the refusal of an instruction to the effect that in ascertaining the fair cash market value of the lands taken, the jury may take into consideration the uses and purposes for which the land is used, as shown by the evidence, including any sand or gravel beds located thereon, and their value as shown by the evidence. While the testimony shows there is a gravel pit on the Braje land taken, and one on the Schwing land taken, there is no evi-

dence of the value of either bed, nor as to what amount, if any, they enhanced the value of the land taken. There is some testimony to show that Schwing has a sand bed on part of his land not taken, but the instruction does not purport to cover such lands. There was no error in refusing the instruction. The instructions which were given fairly covered the law on the subject of damages, both as to the land taken and the land damaged. They authorized the jury to allow the fair cash market value of the lands taken for their highest and best use.

Complaint is made that the awards are inadequate and disproportionate to the value of the lands of appellants taken and damaged. It is pointed out that the land taken from the Braje farm will be covered by a reservoir which will disconnect thirty-two acres from the other part of the farm and leave Braje without access to the portion cut off. Five witnesses for appellee testified as to the value of the land taken and damages to land not taken. Four witnesses testified on behalf of appellants, and the jury viewed the premises. The testimony as to values and damages is directly in conflict. The verdict is within the range of the testimony. The rule is, that under those circumstances the award will not be disturbed on review unless there is something in the record showing the verdict was a clear and palpable mistake or the result of passion or prejudice, or that there was some incorrect ruling which might have misled the jury. (*Department of Public Works and Buildings* v. *Foreman State Trust and Savings Bank,* 363 Ill. 13; *Forest Preserve District* v. *Collins,* 348 id. 477.) No such showing has been made.

The judgment of the county court is therefore affirmed.

*Judgment affirmed.*