(No. 27930.—

FOREST PRESERVE DISTRICT OF COOK COUNTY, Appellee, *vs.*
CHARLES W. DRAPER *et al.,* Appellants.

*Opinion filed May 16, 1944—Rehearing denied September 18, 1944.*

LAWLOR & WALSH, (EDWIN D. LAWLOR, of counsel,) of Chicago, for appellants.

GEORGE A. BASTA, and FRANK S. RIGHEIMER, both of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellee, Forest Preserve District of Cook county, filed a petition in the circuit court of said county, to condemn an irregular shaped tract of land out of the southwest corner of a sixty-acre farm belonging to appellant, Charles

W. Draper, and also a strip fifty feet wide off the south side of said sixty-acre tract leading from the western terminus of Montrose avenue, in Chicago, to said irregular shaped tract, and a similar strip off the west side of the sixty acres leading from the irregular shaped tract to the southern terminus of East River road. When taken, the entire land sought to be condemned would afford an extension of Montrose avenue, and, by a circular driveway along the east side of the Forest Preserve property, would connect with Lawrence avenue, which runs east and west along the north side of the sixty-acre tract. The jury awarded compensation in the aggregate sum of $4323, which was approximately $374 per acre for the land taken. No damages were asked for land not taken. Motions for new trial and in arrest of judgment were overruled, and appellants object to the judgment entered on the verdict, on the grounds that the verdict is against the weight of the evidence; that the damages awarded were inadequate; that the court unduly limited the cross-examination of appellee's expert witnesses, and erred in the admission and rejection of evidence and in the giving and refusing of instructions.

Appellee's witnesses testified that the value of the property taken was $325 and $350 an acre, while the value fixed by appellants' witnesses ranged from $700 to $1100 an acre. The jury viewed the premises.

The rule consistently applied in this State is that where the testimony as to values is in conflict, the jury has viewed the premises, and the verdict is within the range of the testimony, the award will not be disturbed on review unless there is something in the record showing that the verdict was a clear and palpable mistake or the result of passion or prejudice, or that there was some erroneous ruling that might have misled the jury. (*City of Mt. Olive v. Braje,* 366 Ill. 132; *Department of Public Works and Buildings v. Foreman State Trust and Savings Bank,* 363

Ill. 13; *Forest Preserve District* v. *Collins*, 348 Ill. 477; *Forest Preserve District* v. *Dearlove*, 337 Ill. 555.) Another rule, of equal importance, is that in the trial of a condemnation of private property for public use, the court must give accurate rulings and correct instructions to the jury. (*City of Chicago* v. *Lederer*, 274 Ill. 584.) As the judgment in this case will have to be reversed for errors in the record, we do not consider it proper to comment on the question of inadequacy of the award.

We cannot agree with appellants' contention that the motion to strike the testimony of appellee's expert witnesses as to value should have been granted because, as contended by appellants' counsel, it is apparent that they valued the land taken separate and apart from the entire tract from which it was taken. Most of appellee's witnesses testified that the land taken had a higher value as a part of the entire tract and that the value fixed by them was on that basis. One of the witnesses stated that it would have as great a value standing alone as it would when considered as a part of the whole tract and that he did not investigate nor determine the value of appellants' farm as a whole. He also testified that he took the part taken and found out and investigated it and formulated his opinion as to its value, and decided that the tract proposed to be taken could be used to greater advantage with the adjoining land and that it is more valuable if sold with the entire piece, and that, as a part of the whole, the strip was, in his opinion, of the value of $350 an acre. There is no question but that where vacant land embraced in a farm is necessarily used and occupied in conjunction with the improvements thereon, and, by reason of so being used and occupied, has a value as an entirety over and above the bare land, the owner would have the right to the special value to him of the part taken in connection with the whole farm with the improvements on it. (*Department of Public Works* v. *Foreman State Trust and Savings*

*Bank,* 363 Ill. 13; *City of Chicago* v. *Cruse,* 337 Ill. 537; *Illinois, Iowa and Minnesota Railway Co.* v. *Humiston,* 208 Ill. 100.) Appellee's witnesses fixed the value of the land taken according to that rule, and the motion to strike their testimony was properly overruled. But, appellants' counsel should have been permitted to cross-examine them as to their opinion of the value of the entire tract. The court unduly restricted the cross-examination in that respect. . Such interrogation was permissible for testing the basis of their opinions on the value of the tract taken.

Appellants' counsel offered in evidence written contracts of sales of real estate in the same locality and made near the time of the filing of the petition, for the purpose of showing value of comparable lands. John Sells identified contracts which were consummated in sales of three ten-acre tracts, each a part of a thirty-acre farm with a frontage of about 900 feet on the east side of East River road and situated about 900 feet north of Lawrence avenue which borders the Draper sixty acres on the north. The strip of land to be condemned would extend East River road south to the irregular shaped tract to be taken in the southwest corner of the Draper sixty acres.

The witness Sells testified that he owned the thirty-acre tract; that it was used for truck farming; that in the center of the tract just east of the road were three big buildings, a house and barn and a big warehouse; that he sold the south ten acres of the thirty in 1940, which was unimproved, and bordered on the East River road about 329 feet, extending back eighty rods deep; and that exhibit two was the contract on which the sale was made. Counsel for appellants then offered the exhibit, but the court sustained an objection to its admission. At the court's suggestion appellants' counsel then offered preliminary proof as to the sale, in April, 1942, of the north ten acres of the thirty-acre tract. It, like the south ten acres, had no improvements, and was used for truck farming. He then

identified a real estate contract, exhibit three, and testified that the sales shown by exhibits two and three were carried out. The witness then testified that he later sold the center ten acres of the thirty-acre tract except about an acre on which the dwelling and barn were located, in November, 1942; that on the part so sold there was a warehouse and a garage in a single frame building, erected in 1914; that the part sold had a frontage on East River road of about 200 feet, and was used for truck gardening at the time it was sold. Exhibit four was identified as the contract on which that sale was completed. The witness, Sells, then testified that he had owned and sold eight acres in 1942, located at the northeast corner of Montrose and Thatcher avenues, about a quarter of a mile east of the Draper property; and that this eight-acre tract was improved with an old frame dwelling house. The eight-acre tract was also used for truck gardening. The contract upon which that sale was made was lost, but the sale was carried out. Deeds were given to all the properties sold. It is admitted in the record that all were voluntary sales.

Appellants' counsel inquired if he should proceed with the technical questions, and the court excused the jury. Out of the presence of the jury the witness testified that the price paid and received for the eight-acre tract at the corner of Montrose and Thatcher was $8000 in cash. On cross-examination out of the presence of the jury, the witness stated that the dwelling house on the eight-acre tract had five rooms down stairs, three rooms upstairs, and a brick basement; that the land was not fenced, had no drainage nor septic tank and had a well for water. It also appears from the cross-examination that Montrose avenue is paved and Thatcher avenue is a crushed stone surfaced road. It also appears from the cross-examination that the center tract sold out of the thirty-acre farm had a warehouse and garage, being a two-story building forty by fifty feet with a shingle hip roof and a cement floor. That

building had well water, but no septic tank. The other two tracts sold out of the thirty acres had no water nor sewer connections. East River road is a paved highway, four rods wide. The land taken was used for truck gardening, had no sewer connections, and the sixty-acre tract was improved with a dwelling and barn and had well water.

After the cross-examination and further examination in chief had been concluded the jury was returned. The court sustained objections to the offer to prove the sales shown by the exhibits and testified to by the witness Sells. The controlling question for decision is whether the court abused his discretion in excluding such evidence.

It has long been the rule in this State that evidence of voluntary sales of similar property in the vicinity of that involved is competent and important on the question of adequacy of compensation. (*City of Mt. Olive* v. *Braje,* 366 Ill. 132; *Kankakee Park Dist.* v. *Heidenreich,* 328 Ill. 198; *Forest Preserve Dist.* v. *Caraher,* 299 Ill. 11; *Crosby* v. *Dorward,* 248 Ill. 471.) But the party offering to prove such sales must show that the lands so sold were similar in character and locality to the land in controversy, and that the sales were voluntary. (*City of Mt. Olive* v. *Braje,* 366 Ill. 132; *Forest Preserve Dist.* v. *Caraher,* 299 Ill. 11.) In the instant case counsel for appellee admitted that the sales were voluntary. No general rule can be laid down to definitely fix the degree of similarity of the properties, the nearness of time of the sales and the distance from the properties sold. These are matters with which the trial judge is conversant and must rest largely in his discretion. (*Forest Preserve Dist.* v. *Barchard,* 293 Ill. 556.) When, in a particular instance, the disadvantage arising from a confusion of issues will not be compensated by the assistance of certain useful evidence the trial court should exclude the evidence, but evidence otherwise relevant and useful ought not to be excluded under a universal rule when there is at hand the expedient of leaving it to

the discretion of the trial court to draw a line of exclusion whenever the evil of confusion of issues impends. (*Kankakee Park Dist.* v. *Heidereich,* 328 Ill. 198.) The discretion thus confided to the trial judge is limited to deciding whether the property so sold is similar in quality, nature, improvements or other characteristics. (*Forest Preserve Dist.* v. *Caraher,* 299 Ill. 11.) The north and south ten-acre tracts sold by the witness Sells were sufficiently within the vicinity of the property taken, were used for the same purpose, were of like quality and nature, and were similarly unimproved. The contracts upon which these sales were made were erroneously excluded. The minor differences arising from frontage do not create a sufficient dissimilarity to justify an exclusion of the evidence, as such dissimilarity does not tend to confuse the issues.

As to the center tract of the thirty acres, amounting to a little more than nine acres, the similarity was sufficient as to the quality and nature as well as use to which it was devoted. The minor difference was that it had on it a combined warehouse and garage and a frontage commensurate with the compact tract. Appellants' counsel were not permitted to prove the value of the buildings situated thereon so that such amount deducted from the price shown in the contract offered in evidence would reveal the opinion value of the land without the improvements. The same is true as to the eight acres located at the northeast corner of Montrose and Thatcher avenues. Every piece of property has its advantages and disadvantages, and differs in the character of its improvements and otherwise, and if there are minor differences the owner should be permitted to show such facts as will enable the jury to understand the differences between the property to be taken and that which has been sold. (*Forest Preserve Dist.* v. *Caraher,* 299 Ill. 11; *Chicago and Western Indiana Railroad Co.* v. *Heidenreich,* 254 Ill. 231.) Had appellants been permitted to offer evidence of the value of the improvements on the

two above-mentioned tracts no confusion of issues could have resulted. It is not a sufficient dissimilarity to justify the exclusion that the properties sold at voluntary sales, had a paved highway frontage, and the tract condemned did not. Counsel for appellee admitted in his argument to the trial court that if the whole sixty-acre tract was being taken or if damages were claimed for the remainder of the tract not taken, there was some basis for similarity. His contention seems to be that since the strip taken for a roadway and the irregular shaped tract constitute wastage there can be no comparison with other tracts of total compact acreage with frontage having a reasonable relationship to the compact parcel. His argument is that if there had been a petition for damages for the land not taken, these sales would have a bearing upon the question. As we view the matter, the special value to the owner, for which appellee must make compensation, is its value for its highest and best use in connection with the entire tract. To say that the similarity must be confined to the particular tract condemned would exclude all evidence of recent voluntary sales of similar real estate in the vicinity because voluntary sales of fifty-foot strips and irregular shaped tracts are too rare to admit of any general rule of similarity in character, quality and use. To admit the existence of a rule of admissibility of evidence and then restrict its application so as to render it ineffective is not the exercise of a sound judicial discretion. For that reason we must hold that it was prejudicial error to exclude the evidence of the sales and of the value of the buildings on the center tract of the thirty acres and on the eight-acre tract on Montrose and Thatcher avenues. The testimony of the witness Markels, concerning the sale of the forty-three acre tract south of Montrose at Thatcher avenue, should also have been admitted.

The court also erred in refusing to give appellants' refused instruction which reads: "If the jury find, from the

evidence, that the part of the tract of land proposed to be taken in this case is of greater value when considered as a part of the entire tract than 'it would be as a separate and distinct piece of property entirely disconnected from the rest of the tract, then the jury, in order to make the owners of the tract just compensation for the part of the tract taken, may allow to them the fair cash or market value of the part of the tract taken, when considered in its relations to and as a part of the entire tract, and not simply what may appear to be its value as a separate and distinct piece of property entirely disconnected from the rest of the tract."

That the above instruction correctly stated the law applicable to the case has long since passed the stage of discussion in this State. (*Department of Public Works* v. *Foreman Trust and Savings Bank,* 363 Ill. 13; *City of Chicago* v. *Cruse,* 337 Ill. 537; *Department of Public Works* v. *Griffin,* 305 Ill. 585; *City of Chicago* v. *Farwell,* 286 Ill. 415.) In *Chicago and Evanston Railroad Co.* v. *Blake,* 116 Ill. 163, on page 168, this court had under consideration the propriety of the trial court's modification of an instruction in language similar to this particular instruction, and it was there said: "The instruction, as originally drawn, contained a clear, accurate statement of the law and should have been given as asked."

But it is argued by appellee's counsel that it was not prejudicial error to refuse that instruction in view of the following instructions given for appellants:

"The Court instructs the jury that the land being condemned in this proceeding is to be valued for the highest and best use to which it was adapted on May 29, 1943, as shown by the evidence, although the owners may not have been putting it to such use."

"The Court instructs the jury if they believe from the evidence that the highest and best use of the parcel of land proposed to be taken in this case is in connection with the

whole tract belonging to the respondents, then they shall so consider it and not what may appear to be its highest and best use as a separate and distinct piece of property entirely disconnected from the rest of the tract."

The refused instruction was not the same as the two above stated. The two instructions given enlightened the jury as to the rule for considering the property for its highest and best use. The refused instruction was of a mandatory nature directing the jury that if it found from the evidence that the land proposed to be taken had a greater market value when considered as a part of the entire tract it should allow to the owner such greater value. In connection with the errors in sustaining objections to competent evidence, the refusal to give the instruction constitutes an additional reason for affording appellants an opportunity to have the property valued by another jury, properly instructed and with all competent evidence before it. For the foregoing reasons, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice Wilson, dissenting.