The County of Cook, Petitioner-Appellant, *v.* La Salle National Bank *et al.*, Defendants-Appellees.

(No. 54235; )

First District—September 10, 1971.

Edward V. Hanrahan, State's Attorney, and Daniel P. Coman, Chief of the Civil Division, both of Chicago, (Jerome S. Schain, James A. Rooney, and Thomas E. Brannigan, Assistant State's Attorneys, of counsel,) for appellant.

Foran, Wiss and Burke, of Chicago, (Robert E. Wiss and Thomas T. Burke, of counsel,) for appellees.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

Petitioner brought an eminent domain proceeding to acquire certain land of defendants. The property sought to be taken consists of a one-foot strip of land along the frontage of 13 lots abutting on Sibley Boulevard in Harvey. The purpose of taking the one-foot strip was to eliminate access from the lots to Sibley Boulevard. The jury awarded defendants $25,165 for the property taken and for damages to the remainder. Petitioner appeals, contending that the award was excessive

due to an improper method of valuation by defendants' valuation witnesses, and that the court erred in failing to strike this testimony.

All of the lots in question are held in two trusts by the La Salle National Bank for the same beneficial owner. The lots are in two blocks fronting on the south side of Sibley Boulevard. One group of four adjacent lots (Parcel 1 for our identification) lies immediately west of Artesian Avenue. To the east, in the block between Artesian and Western, there are two groups of lots separated by one lot under different ownership. Immediately east of Artesian lies one group of five adjacent lots (Parcel 2 for our identification) and, beyond the one intervening lot, lies a group of four adjacent lots (Parcel 3 for our identification) extending to Western Avenue.

Petitioner, for administrative purposes, designated the 13 lots as consisting of five parcels instead of three, as above described. The parcels we have described as 2 and 3, above, are the same. As to the four adjacent lots in Parcel 1, however, Petitioner designated each of the two westernmost lots as separate parcels, and lumped together the two lots closest to Artesian as still another parcel.

At the trial, defendants treated their property as consisting of three parcels, as we have identified them above (though without number reference). The only difference, therefore, in the parcel designation of the parties is that Petitioner, administratively, divided the four adjacent lots of Parcel 1 into three separate parcels.

■■ Petitioner's position at trial, and in its original brief in this court, was that any appraisal of the value of the property must be made on the basis of the five parcels as administratively determined by it, citing the Eminent Domain Act, Ill. Rev. Stat. 1967, ch. 47, par. 5, in part:

"Any number of separate parcels of property, situate in the same county, may be included in one petition, and the compensation for each shall be assessed separately by the same or different juries, as the court or judge may direct."

Petitioner abandoned this contention in its reply brief, and argued that defendants' valuation witnesses erroneously appraised the 13 lots as one unit, rather than as three separate parcels. Both parties recognize the established rule that land must be under common ownership and contiguous to be considered a parcel for valuation purposes. *Bowman v. Venice & Carondelet Ry. Co.*, 102 Ill. 459, 465; *White v. West Side Elevated R.R. Co.*, 154 Ill. 620, 625-26.

The valuation testimony offered by Petitioner shows no basis for the appraisal other than the division of the lots into the five administratively designated parcels previously mentioned. Petitioner's valuation witness, Gilbert Glenn, an appraiser, testified to a figure representing the value

of the part of each of the five parcels actually taken, and the damages to the remainder, totaling $5,321. In making his appraisal, he valued the property on the basis of its use for residential purposes, while admitting that the entire property was zoned commercial. He also testified that his appraisal had been made two and a half years prior to his testimony; that he had not been familiar with land sales in Harvey during the previous two years; and that he had not acted as a broker or developer in Harvey in the previous 10 years.

Defendants' first valuation witness, Robert Kane, was a real estate broker and appraiser who served on the Harvey Zoning Board for seven years, and in the previous ten years had bought and sold some 800 to 850 properties within three miles of the property in question. He had done appraisal work for Petitioner, among many others. His testimony included the following:

"The property that is the subject of this lawsuit is thirteen lots facing Sibley Boulevard, between, as I said, Western, Artesian and Campbell.

Running west from Western Avenue there is *one parcel* 199.23 feet in width frontage and then there is a vacant lot and then there is *another parcel* which is 123.78 foot frontage.

And then the other side of Artesian there are four lots broken up into *three parcels*, one of 57 feet and the other each of 25 foot but they are contiguous. There is a hundred foot contiguous frontage there. So you have approximately a block and a half of property excepting the one 25 foot lot that is missing." Emphasis supplied.

He then gave a total figure of $33,950 for the value of the part taken and damage to the remainder of the 13 lots. He explained that the damage resulted from the loss of access to Sibley Boulevard, leaving the inside lots with access to an alley only and destroying the property's commercial use possibilities.

Under cross-examination, the witness was asked to break down his total valuation of damages to a figure for each of the five parcels designated in the petition. He explained that he appraised the property "as a package, and it was." The following exchange then took place:

"PETITIONER'S COUNSEL: Q. You are talking about remainder. Taking on a parcel basis in which this is the way the case has been set up, we are going on individual parcels here. The Jury—

THE WITNESS: A. I would have to give greater damage to the remainder. This would be the only thing that would have value at all.

Q. Your opinion would change if you were to give an opinion on the value of each parcel?

A. It would have to be greater damage to the remainder."

We believe that this witness did recognize that the property was not a continuous tract, but was made up of three separate parcels of land, each subdivided into adjacent lots, all under one ownership. He also testified that if his opinion were to be based upon Petitioner's five parcel designations, his appraisal of damages would have to be revised upward.

Defendants' second valuation witness, John McNamara, had been a real estate broker and appraiser for 42 years, with extensive experience in Harvey. His appraisal was made approximately two or three months prior to his testimony. Considering the property under its present commercial zoning, he valued the part taken at $4,500 and damage to the remainder at $33,800 for a total of $38,300. On cross-examination, the following occurred:

"PETITIONER'S COUNSEL: Q. Mr. McNamara, when you appraised the five parcels did you appraise them as one piece of property?

A: I appraised them on that basis and then broke them down individually.

\* \* \* \*

Q. Did you appraise each individual parcel, five parcels?

A. No, I didn't appraise the five parcels originally. *I appraised it as three parcels* because my opinion was it was all under one ownership and it fell in that category." Emphasis supplied.

■■ Petitioner's counsel then moved to strike McNamara's testimony on the ground (in effect) that he had apparised the four lots of Parcel 1 (as identified above) as one parcel, rather than as the three separate parcels designated by Petitioner. This motion, and the same point raised later, were both overruled by the trial court, and we believe correctly so. That a part of a tract of land is of greater value when considered as a part of and in its relation to the entire tract, rather than separately, is a principle of condemnation which "has long since passed the stage of discussion in this State." *Forest Preserve Dist. v. Draper*, 387 Ill. 149, 158.

■■ As to the amount of the award, we note again that the property was zoned commercial and that this zoning would have to be changed if the property were to be usable at all (according to all three witnesses), since the lots no longer had access to Sibley Boulevard. Petitioner's witness expressly based his valuation on a rezoning to residential before the property could be used. In addition, the lots would obviously have to be realigned to give them access to side streets running into Sibley Boulevard since, after the taking, all but three of the lots would be accessible only from the alley.

The record indicates, as we have pointed out, that defendants' valuation witnesses properly appraised the property in question as three

separate parcels of land which they were. In view of the fact that the taking would necessitate rezoning as well as realignment of the lots, the jury could properly have rejected the $5,321 valuation of Petitioner's witness, and their verdict, being within the range of the valuation testimony, should not be disturbed.

The judgment is therefore affirmed.

Judgment affirmed.

DRUCKER and LORENZ, JJ., concur.