(No. 19531.—)

THE CITY OF CHICAGO, in trust for the use of schools, Appellee, vs. MILTON CRUSE et al. Appellants.

*Opinion filed December 20, 1929.*

JOHN M. BRYANT, and CARL F. LUND, for appellants.

JAMES TODD, (FRANK S. RIGHEIMER, and RALPH W. CONDEE, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

In this proceeding appellee seeks to condemn lot 24 and the east half of lot 25 in a certain re-subdivision described in the petition herein, for a school building, suitable outhouses and playgrounds. The petition was not traversed but appellants filed a cross-petition, in which it was alleged that they purchased lots 23, 24 and the east one-half of lot 25 as a compact tract of land, 125 feet in width and 150 feet in depth, for their use and enjoyment in its entirety as their homestead, and that ever since they purchased it they, with their family, have resided upon, used and occupied said compact tract of land, with the improvements thereon, as a whole, for their homestead, and that the taking of 75 front

feet and 150 feet in depth from said premises would deprive them of the use and enjoyment of said tract of land in its entirety as a homestead, thereby impairing the value of the property and improvements thereon in its entirety as the residence and homestead of appellants. The jury awarded appellants compensation for the property taken in the sum of $5625, and found that lot 23 was not damaged as the result of taking lot 24 and the east half of lot 25. The circuit court of Cook county overruled a motion for a new trial and rendered judgment on the verdict, allowing appellee ninety days to pay the compensation. From this judgment appellants have perfected an appeal to this court.

The evidence shows that at the time appellants purchased the lots in question they were vacant and unoccupied; that after the purchase they moved a twelve-room frame house upon lot 23, erected a garage on the rear thereof, and had trees and bushes planted upon each of the lots in accordance with the plans of a landscape expert; that a part of lot 24 and the east half of lot 25 were used as a garden, where appellants raised vegetables for their table; that it was also used by them for hanging out clothes and having rugs beaten and cleaned; that a portion of those two lots was used as a playground by their child and her friends. On these lots there is also a flower garden, elderberry bushes and apple trees. At the time of the trial and the view of the premises by the jury there was a hedge fence upon the line between lots 23 and 24. Appellants sought to prove with reference to this hedge that it was originally planted in 1925, and that at that time the bushes constituting the hedge were put in in the form of scallops, extending some eight or ten feet upon lot 24 without regard to distinction as to lot lines, and that after they had been notified that the board of education was taking 75 feet of this property for the use of schools and had seen the plans and specifications of the proposed school, they had a landscape expert re-plant the hedge so that it conformed to the lot lines. The court,

upon objection of appellee, refused to allow such proof. It was appellants' contention that the three lots in question were not separate and distinct parcels of land, but that, taken together as a whole, they constituted the residence and homestead of appellants. The evidence offered was competent for the purpose of showing such use of the property by appellants. In the instant case, however, this, of itself, would not constitute reversible error, for the reason that the undisputed evidence showed that appellants used the premises as one parcel of land for their residence and the evidence offered was merely cumulative.

In its case in chief appellee introduced evidence as to the value of the lots on the theory that they were separate, detached, vacant lots, without any reference to their use as a part of the entire tract, and on rebuttal produced two witnesses who testified that the value of lot 23 would not be depreciated by taking away lot 24 and the east half of lot 25. Appellants' theory of the case was that the two and one-half lots constituted one entire tract, and introduced evidence tending to show the damages as to the entire tract by reason of the taking of the one and one-half lots. The court gave to the jury instructions as to damages based on appellee's theory and refused instructions requested by appellants upon their theory. ¡Where a parcel of land used as a part of an entire property is sought to be taken for public use, and the land sought to be taken is of greater value, considered as a part of the entire property, than if taken as a distinct and separate piece entirely disconnected from the residue, the just compensation for the part so taken is its fair cash or market value when considered in its relation to and as a part of the entire property and not simply what may appear to be its value as a separate and distinct piece. (*West Skokie Drainage District* v. *Dawson,* 243 Ill. 175; *Illinois, Iowa and Minnesota Railway Co.* v. *Humiston,* 208 id. 100; *Chicago and Evanston Railroad Co.* v. *Blake,* 116 id. 163.) Appellants had the right to have the jury in-

structed upon their theory of the case, and the court erred in refusing to give to the jury instructions requested by appellants which properly stated the law in accord with their theory of the case.

The undisputed evidence showing that the two and one-half lots in question were used by appellants as one tract for residential purposes, the court's refusal to instruct the jury constituted reversible error, and the judgment of the circuit court is therefore reversed and the cause remanded.

*Reversed and remanded.*