The Department of Public Works and Buildings of the State of Illinois, for and in Behalf of the People of the State of Illinois, Petitioner-Appellant, v. Daisy Diel, et al., Defendants-Appellees.

Gen. No. 67–62.

Fifth District.

November 20, 1967.

Rehearing denied December 28, 1967.

William G. Clark, Attorney General, of Chicago (Harold G. Andrews and G. W. Howard, III, Special Assistant Attorneys General, of counsel), for appellant.

Dowell & Dowell, N. Yates Dowell, of Mt. Vernon, for appellees.

GOLDENHERSH, J.

Petitioner, The Department of Public Works and Buildings, appeals from the judgment of the Circuit Court of Jefferson County entered upon a jury verdict in an action to condemn land for use in the construction of Interstate Route 57, north of Mt. Vernon.

The judgment awards petitioner fee simple title to a strip of land approximately 360 feet wide, 1,850 feet long, and containing 15.3 acres, except "all right, title or

interest in and to the coal, oil, gas or other minerals underlying said tract, provided that such exception shall not be construed to grant, reserve or leave to the owners of said coal, oil, gas and other minerals the right of ingress and egress to the surface of said tract for the purpose of drilling for, mining, exploring for, producing or removing said coal, oil, gas and other minerals, or the right to otherwise break or disturb the surface of said tract"; . . . . As just compensation, the jury assessed the sum of $7,787.80.

The land condemned is part of a 55-acre tract owned by defendant, Daisy Diel, and leased for limestone quarry purposes to the defendants, Randall. After the taking, the remainder consists of two parcels, one containing 14.3 acres lying to the west, and the other 25.4 acres, lying to the east of the strip.

Access to Interstate Route 57 will be limited, and the only route between the two parcels remaining will be over a frontage road to an elevated township road which will cross Route 57 one-quarter mile north of the north boundary of the Diel tract.

In addition to the land taken in fee simple, petitioner sought, and the judgment grants, an easement over and upon 5.5 acres of the land on the east side, and 7.4 acres of the land on the west side of the strip, "for the right, privilege and easement to enter upon said tract for the purpose of performing roadway excavation and embankment construction, grading existing waste piles of overburden from quarry operations to provide a better profile for right of way fence, and for the purpose of straightening an existing stream channel, such easement rights to terminate upon completion of construction project on Federal Aid Interstate Route 57 across Tracts 136B and 136B–CE, or three years from July 1, 1966, whichever shall be sooner"; . . . .

As just compensation for the easement, the jury assessed the sum of $2,954.10.

A cross petition alleging damages to the land not taken was filed by the defendant, Diel; defendants Randall filed a separate cross petition, and upon demand of petitioner, filed a bill of particulars. The jury assessed damages to land not taken in the sum of $20,582.24.

The record shows that shortly after the action was filed, petitioner moved for, and the court ordered, immediate vesting of title. Prior to trial the parties stipulated that from the moneys awarded defendants, defendant, Diel, would receive an agreed sum and defendant, Diel, did not participate in the trial. Any reference hereafter to defendants, is to the defendants, Randall.

Petitioner contends that the trial court erred in admitting into evidence certain exhibits offered by defendants. Included in these exhibits, are drawings prepared by an engineer witness as overlays for an aerial photograph of the Diel tract and several adjacent parcels. They demonstrate the boundaries of the land owned by defendant, Diel, the proposed right of way, the construction easements, the location of defendants' scale and crusher, the boundaries of lands lying adjacent to the Diel tract and on which defendants hold mineral leases, the locations at which the witness made soil borings, and the cores procured in the borings.

The other exhibits complained of are mineral leases running to the defendants, as lessees, for the parcels contiguous to the Diel land.

It is defendants' theory that these exhibits are relevant and admissible to show that the Diel tract is part of an operating unit comprised of all of the lands under lease to defendants, and its fair cash market value is to be determined in its capacity of a part of the larger unit, and not as a single isolated parcel, as contended by petitioner.

It appears from the testimony of defendant, Harvey W. Randall, that the Diel tract is a part of a mining operation comprised of all of the leased tracts, that the condemnation will eliminate his haul roads to the face of his present operations on the Diel tract and to proposed operations on the adjacent parcels, that as a result he will be required to move the rock from the site of the quarries to his crusher and scale over the county and frontage roads above described, a distance of approximately one and one-fourth miles, rather than as at present, a distance of one-fourth mile.

In City of Chicago v. Cruse, 337 Ill 537, 169 NE 322, at page 539, the Supreme Court said: "Where a parcel of land used as a part of an entire property is sought to be taken for public use, and the land sought to be taken is of greater value, considered as a part of the entire property, than if taken as a distinct and separate piece entirely disconnected from the residue, the just compensation for the part so taken is its fair cash or market value when considered in its relation to and as a part of the entire property and not simply what may appear to be its value as a separate and distinct piece."

The fact that defendants were lessees and not owners of the parcel does not preclude the application of the above stated rule. In Chicago & Evanston R. R. Co. v. Dresel, 110 Ill 89, the condemnor sought to take a portion of 4 lots leased by defendant, and used in the operation of his business along with 10 lots to which he held title in fee simple. In rejecting the petitioner's contention that the jury were improperly instructed the Supreme Court said, at page 91: "It is also claimed by appellant that the court erred in giving instructions one and two, on behalf of appellee. The complaint is, that the jury were, in substance, directed that if by virtue of the lease of certain lots, and Dresel's ownership of certain other lots in block 10, he is entitled to the exclusive use and enjoy-

ment of these lots and improvements thereon, as one entire tract or parcel, until the expiration of the lease, and if said tract, in its present condition, has a special capacity, as an entirety, for the purposes of flower-gardening, and as an entirety is devoted to such purpose, and if the value of such tract, for the residue of the lease-hold term will be depreciated and lessened by the taking of the portion of said land proposed to be taken, then Dresel is entitled to recover a sum equal to such depreciation of value. We perceive no valid objection to the instruction. As before observed, appellee occupied the fourteen lots as one tract of land, as an entirety. He owned a portion of the lots, and held the others under a lease. Appellant proposed to take a portion of the lots held by the lease. If by so doing the market value of the whole tract was lessened during the two years which appellee had the right to hold and use the same, to that extent he was damaged, and while no part of the lots he owned in fee was taken, still, by the taking, as his property held in fee and by lease was damaged, he, in justice, ought to be entitled to recover so far as the market value of his property was depreciated."

 Petitioner argues that the trial court erred in admitting the exhibits because they pertain to lands not described in the cross petition. Neither the cross petition nor the bill of particulars are included in the excerpts from the record. We have, nevertheless, examined them and find that the lands covered by the leases, and the sites of the soil borings, are not therein described. We have also examined the objections to which petitioner refers in its brief and find that the objections are on grounds other than those argued here. The rule has long been that a specific objection to evidence based solely on a particular point is a waiver of objections to all other points not specified or relied on. Village of Prairie Du Rocher v. Schoening-Koenigsmark Milling Co., 248 Ill 57, 93 NE 425; Spencer v. Burns, 413 Ill 240, 108 NE2d 413.

136

Under the circumstances here, and in view of the authorities cited and quoted, the court did not err in admitting the exhibits.

■ Petitioner argues that the trial court erred further in admitting the overlays because they purport to name the owners of the parcels of land shown thereon, and as to the witness who prepared them, the testimony was hearsay. Assuming, arguendo, that the petitioner is correct in this contention, these matters are shown by the testimony of defendant, Harvey W. Randall, and the leases, and any error under these circumstances was harmless. The court instructed the jury to disregard any portion of the exhibits not supported by testimony, and petitioner was not prejudiced by their admission.

Petitioner contends that the court erred in permitting the defendant, Harvey W. Randall, and two witnesses called by defendants, to state their opinions as to the fair cash market value of the land taken in fee, and of the easement, and the amount of damage suffered by the remainder.

Defendants argue that the witnesses are shown by the evidence to be qualified to express opinions, and the court correctly admitted their testimony.

■ An examination of the record shows that on both the direct and cross examination of the defendant, Harvey W. Randall, much testimony was elicited which is not relevant or material to the issue of fair cash market value of the land. With respect to his testimony, petitioner's contention of error is stated as follows:

> "It is clear that the defendant Harvey W. Randall was not qualified as a witness to testify as to values and had made no investigation as to the market for real estate in the vicinity of the tract involved."

Much of the testimony of which petitioner now complains would have been inadmissible had proper objection been made, but in the absence of proper objection, or a

137

motion to strike the testimony, the alleged errors are not available as grounds for reversal. Forest Preserve Dist. of Cook County v. Kercher, 394 Ill 11, 66 NE2d 873.

 Petitioner argues that the court erred in permitting defendants' witness, Gillespie, to testify as to his opinion of the fair cash market value of the strip, the easement and the amount of damage sustained by the remainder. Its principal contention is that the witness made no investigation of sales of comparable land, and it further contends that the witness considered improper elements in arriving at his opinion. With respect to the first contention, the rule here applicable is found in Illinois, I. & M. R. Co. v. Humiston, 208 Ill 100, 69 NE 880, wherein at page 103, the Supreme Court said: "But while it is true, that a witness may base his opinion as to value upon the fact that sales have been made at a certain figure in the neighborhood of the property in controversy, yet such fact is only one of the grounds, upon which a witness may base his opinion of value. The fact of sales is not always the only factor in determining the weight of the testimony of a witness as to value. A witness may, in forming his opinion, consider the uses and capabilities of the property, as well as the prices at which like property in the neighborhood has been sold. He may also base his opinion of value upon his knowledge or observation of the growth and development of towns and cities, a general knowledge of trade and business, rental value, the interest which the land would pay upon an investment, its productiveness, ease of cultivation, its situation in a particular community, and other elements."

Regarding petitioner's remaining contentions of error with respect to the testimony of this witness, an examination of the record fails to show either proper objection or a motion to strike, and they will not be further considered.

■ We have examined the testimony of the witness, Paul Allen, and although petitioner's contention that this witness had never handled a sale of real estate situated similarly to the Diel tract is borne out in the record, he is shown to be sufficiently qualified to state an opinion. His testimony demonstrates a knowledge of the value of this type of real estate, and although the fact that he had never been involved in a sale or purchase in the immediate vicinity might affect the weight of his testimony, it does not render him incompetent to testify.

■ ■ Petitioner contends that the argument of defendants' counsel was so improper and prejudicial as to deprive petitioner of a fair trial. The record shows two objections were made during the argument, both of which were sustained. Petitioner did not request the court to instruct the jury to disregard counsel's comments, nor did it move for a mistrial. In Wells v. Gulf, M. & O. R. Co., 82 Ill App2d 30, 226 NE2d 662, at page 34, this court said: "The rule governing review of assignments of error based upon alleged improper argument to the jury is clearly stated in Belfield v. Coop, 8 Ill2d 293, 134 NE2d 249. The character and scope of argument to the jury is left very largely to the trial court, and every reasonable presumption must be indulged in that the trial court has performed his duty and properly exercised the discretion vested in him. North Chicago St. R. Co. v. Cotton, 140 Ill 486, 29 NE 899. The attitude and demeanor of counsel and the general atmosphere of the trial are observed by the trial court, and cannot be reproduced in the record on appeal. The trial court is, therefore, in a better position than a reviewing court to determine the prejudicial effect, if any, of a remark made during argument, and unless clearly an abuse of discretion, its ruling should be upheld. City of Chicago v. Chicago Title & Trust Co., 331 Ill 322, 163 NE 17."

Upon review of the argument, we conclude that the trial court did not err in refusing to grant a new trial on this ground.

The record shows that the jury viewed the premises, and the sums awarded are within the limits of the values to which the witnesses testified. In Department of Public Works and Buildings v. Bloomer, 28 Ill2d 267, 191 NE 2d 245, at page 269, the Supreme Court said: "The jury heard this testimony and viewed the premises. The verdict is within the range of the testimony. Under these circumstances, we have repeatedly refused to disturb a verdict in the absence of a clear showing that it was the product of passion or prejudice or was affected by palpable error. (Citing cases.)"

 Based upon our review of the record we conclude that the case was fairly tried, and the verdict was neither the result of passion or prejudice, nor affected by palpable error.

For the reasons set forth, the judgment of the Circuit Court of Jefferson County is affirmed.

Judgment affirmed.

EBERSPACHER and MORAN, JJ., concur.