CITY OF RICHARDSON, Texas, Appellant,

v.

E. L. SMITH, Jr., Appellee.

No. 18040.

Court of Civil Appeals of Texas, Dallas.

April 26, 1973.

Rehearing Denied May 24, 1973.

B. Robert Baker, Saner, Jack, Sallinger & Nichols, Dallas, John E. Gay, Boyd, Veigel & Gay, McKinney, for appellant.

Jerry P. Jones, Walter H. Mizell, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

GUITTARD, Justice.

In this condemnation suit involving a partial taking and no claim of damage to the remainder, the evidence shows that the part taken can best be used as a part of the whole and would be less valuable if used separately. Our question is whether in this situation the part taken must be valued as a separate tract or as part of the whole. We hold that it should be valued as part of the whole, but that the average value of the whole tract is not the correct measure in the absence of evidence that the part taken contributed proportionately to the value of the whole.

The city is taking for park and recreational purposes fifty-five acres of land out of a 213-acre tract bordering on a creek. Most of the 213-acre tract is high land, but there is evidence that of the fifty-five acres taken, forty-nine acres are low and subject to flooding. The part taken has no independent access, and all the appraisers agreed that it was not a self-sufficient economic unit.

The landowner's appraiser testified that the highest and best use of the entire tract was residential development and that the low land would contribute to the value of the high land if developed as a recreational area with tennis courts, miniature golf course, and a lake for fishing and boating, but that the fifty-five-acre tract taken could not feasibly be used by itself for anything because all but a small part of it was subject to flooding. On this basis, he was permitted to give his opinion that the value of the land "pro rata over all" was $5,000 per acre and that the part taken was also worth the same amount per acre. He explained that in making this valuation, he considered the entire tract and determined the value of the part taken by using an average price per acre for the entire tract.

The testimony of the city's two appraisers was excluded by the trial court and is before us in bills of exception. Both testified that they valued the fifty-five-acre tract as separate land without any benefit it

might have as a part of the entire 213-acre tract. According to one of these witnesses, the forty-nine-acre area subject to flooding was worth $900 per acre and the six-acre area of higher land was worth $2,000 per acre. The other testified that the low land was worth $1,100 per acre and the high land $5,000 per acre.

The jury found the part taken to be worth $4,250 per acre, and judgment was rendered accordingly. The city appeals, contending that its valuation testimony was erroneously excluded and that the jury's finding is not supported by the evidence because the only valuation testimony before the jury was the opinion of the landowner's appraiser based on an average value per acre for the entire property, including both high land and low land.

■ We hold that the opinions of the city's appraisers concerning the value of the part taken as a separate tract were properly excluded. Their testimony does not show that in their opinion the fifty-five-acre tract was as valuable when used separately as it would be if used as part of the whole. On the contrary, they admitted that it was not a self-sufficient economic unit. A reasonable inference from their testimony is that they concurred in the opinion of the landowner's appraiser that the part taken would be more valuable if developed along with the remaining land. Omission of the added value which the part taken would have when used in connection with the remaining land would deprive the landowner of the full compensation to which he is entitled.

■ Consideration of this added value is not limited to cases in which damage to the remainder is claimed. The part taken and the remainder may each have separate and distinct severance damage. Yolo Water & Power Co. v. Hudson, 182 Cal. 48, 186 P. 772 (1920); 4A Nichols, Eminent Domain § 14.231 (3d Ed. 1971); 1 L. Orgel, Valuation Under Eminent Domain § 52 (2d Ed.

1953). As Mr. Orgel explains in the section cited, a tract of land is frequently more valuable than the sum of its parts. By way of illustration, he points out that if a homogeneous farm plot is worth $10,000, but each half could not be sold separately for more than $3,000, the taking of either half would entitle the owner to compensation of $7,000 because his remaining land would be worth only $3,000. In such a case the value of each half before the taking is $5,000 when considered as a part of the whole, but only $3,000 when considered separately. Orgel, *supra*, at 238. If the method of valuation used here by the city's appraisers were applied to such a case, the part taken considered separately would be worth only $3,000, the value of the remaining half would be reduced from $5,000 to $3,000, and the compensation allowed would be only $5,000, which would be $2,000 short of fair compensation to the landowner because of failure to recognize severance damage to the part taken.

■ The added value which a part of a tract has when used in connection with the whole is generally recognized in valuing the remaining land claimed to be damaged by a partial taking, and for this purpose evidence of severance damage is routinely admitted. The separate severance damage to the part taken is sometimes obscured because the part taken has no severance damage for the purpose for which it is taken. However, land taken for a public purpose cannot be valued for the use for which it is taken. Its market value for other uses is the measure of the landowner's compensation, and if the highest and best use of the whole tract is to develop and use it as a whole, the part taken, as well as the remainder, may be valued at less than its true worth if it is considered separately and apart from the remaining land. Napa Union High School Dist. v. Lewis, 158 Cal.App.2d 69, 322 P.2d 39 (1958); City of Chicago v. Cruse, 337 Ill. 537, 169 N.E. 322 (1929); 4A Nichols, Eminent Domain § 14.231 (3d Ed. 1971).

The problem in valuing the part taken as part of the whole is to prevent the jury from awarding overlapping damages by including the severance damage to the remainder in its finding of the value of the part taken. This was the question before the Supreme Court in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194 (1936), rehearing denied, 126 Tex. 618, 89 S.W.2d 979. In *Carpenter*, the Supreme Court disapproved a special issue inquiring the value of a strip taken for highway purposes as a part of the whole and held that when damage to the remainder is claimed, it is necessary in order to avoid double damages to value the part taken "by considering such portion alone and not as part of the larger tract." The court then formulated the familiar special issue, since accepted as standard in eminent domain cases, inquiring the market value of the strip taken "considered as severed land." On motion for rehearing the court expressly recognized that the strip taken might be found to be worth less than its proportionate value, but concluded that in that event the jury would necessarily make up the difference by allowing additional damages to the remainder. This observation may be true in a case where damages are claimed to the remainder, and in such a case the greater danger of injustice may be the double recovery which may result unless the part taken is valued as "severed land."[1] The same reasoning does not apply, however, when the remaining land has no damage or when damage to the remainder is waived, as in the case now before us. In such a case, valuation of the part taken as a separate and unrelated tract may deprive the owner of a substantial element of value which cannot be compensated by including it in damage to the remainder.

The *Carpenter* opinion expressly leaves open the question of whether the part taken may be valued as a part of the whole when there is no possibility of double damage resulting from a claim of damage to the remainder, and disclaims any intention that the suggested method of submitting the issues must be followed in all cases. Consequently, we do not regard it as authority requiring that the part taken be valued separate from the whole when no damage to the remainder is claimed and evidence shows that the part taken is more valuable if used in connection with the whole than if used separately.

The "severed land" formula has occasioned considerable difficulty in practical application, particularly in cases where use of the part taken is so closely related to that of the remaining tract that the part taken would be substantially reduced in value if sold separately.[2] The injustice of valuing a narrow strip at what it would actually sell for in the market is pointed out in M. Rayburn, Texas Law of Condemnation § 135 (1960). The author suggests that the concept of "severed land" should be understood as a technical legal term signifying only a hypothetical segregation of the part taken for the purpose of avoiding overlapping damages, and should not be taken literally to mean that the part taken must be valued as if it existed entirely separately and apart from the parent tract. So understood, this concept does not rule out the valuation of the part taken on a proportionate or percentage basis, according to Judge Rayburn. He cites cases to the effect that it is not necessarily error for an appraiser to give his opinion of the value of the part taken without using the term "severed land,"[3] and observes that as

1. See comment on *Carpenter* in Worsham, *Problems Peculiar to a Partial Taking in Condemnation*, 13 SW.L.J. 412, 416 (1959).

2. Diamond, *New Tools for the Carpenter Case*, 11 Baylor L.Rev. 1 (1959). *Cf.* Jackson v. State, 441 S.W.2d 279 (Tex. Civ.App., Dallas 1969, no writ).

3. Cases cited in support of the text include Coastal Transmission Corp. v. Lennox, 331 S.W.2d 778 (Tex.Civ.App., San Antonio 1960, no writ) and City of Houston v. Collins, 310 S.W.2d 697 (Tex. Civ.App., Houston 1958, no writ). *But see* State v. Walker, 441 S.W.2d 168 (Tex.1969), in which the Supreme Court

a practical matter the triers of fact always assign a market value to the part taken which bears a direct proportion to the value of the entire tract.

■ Judge Rayburn's view is supported by the opinion of the Supreme Court in State v. Walker, 441 S.W.2d 168 (Tex. 1969), in which the court gives the following explanation of *Carpenter* and ensuing Texas decisions: "In other words, under the rule announced in these and other decisions of the courts of this state, the market value of the land taken must be based upon a consideration of evidence in regard to the market value of the land taken, considered entirely apart from *the increase or decrease in the value of* the remaining land." (Emphasis ours.) The emphasized language is significant. To us it indicates that the land taken is not necessarily to be valued as if it were to be used entirely apart from the remaining land, but rather is to be valued without considering any increase or decrease in value of the remaining land resulting from the taking.

Judge Rayburn's view was adopted and his comments quoted in City of Tyler v. Brogan, 437 S.W.2d 609 (Tex.Civ.App., Tyler 1969, no writ). There the court held that the trial court properly admitted the testimony of the landowner's appraisers valuing a strip taken for a sewer line by applying the average value per acre of the entire tract. The court concluded that where the part taken is not a self-sufficient economic unit, independent of the remainder of the parent tract, its value may be ascertained by evaluating it as a proportionate part of the whole.

■ Insofar as *Brogan* holds that the part taken may be valued in relation to the whole when it is not a self-sufficient economic unit, we regard it as sound and as applicable to this case. The evidence here shows that the part taken is comparable to a narrow strip in that it is not a self-sufficient economic unit and would not be as valuable when used as a separate tract as it would be when developed and used in connection with the whole 213 acres. Consequently, the trial court correctly excluded the opinions of the city's appraisers concerning the value of the part taken as a separate and unrelated tract.

We turn now to the question of whether the verdict is supported by the testimony of the landowner's appraiser concerning the average per acre value of the entire 213 acres applied to the fifty-five acres taken. Although we regard the *Brogan* decision as sound and follow it insofar as it holds that the part taken should be valued as a part of the whole rather than as a separate tract when it is not a self-sufficient economic unit, we do not believe that the proportionate valuation method approved in *Brogan* is applicable to the different circumstances of this case. That method does not do justice when the part taken differs in material respects from the remaining land. People v. Loop, 127 Cal. App.2d 786, 274 P.2d 885 (1954); Green v. Board of Commissioners, 163 La. 117, 111 So. 619 (1927); 4A Nichols, Eminent Domain § 14.231 (3d Ed. 1971).

■■ Whether the part taken can fairly be valued by applying the average value for the whole is a matter of evidence. An average may properly be applied in a case like *Brogan,* involving a narrow strip which the evidence shows to be no different from the remaining land except in size and shape. An average is not proper when the evidence shows that the part taken differs from the remaining land because of the commercial value of frontage along an

on remanding a cause for a new trial, directed that the "severed land" formula should be used in the issues and that the

evidence "should be kept within the framework of the issues submitted" in order to avoid the possibility of double damages.

existing highway. State v. Meyer, 403 S. W.2d 366 (Tex.1966). In the present case, the part taken differs in quality from the remaining land in that most of it is unsuited to the erection of homes and other buildings because of the danger of flooding. Whether the value of the part taken is more or less than the average, the method of valuation should be the same. Nelson v. State, 401 S.W.2d 880 (Tex.Civ. App., Austin 1966, writ ref'd n.r.e.).

■ The landowner argues that *Meyer* is distinguishable by the circumstance that there the part taken was a self-sufficient economic unit, whereas in this case the part taken admittedly was not such an independent economic unit. This distinction is valid, but not controlling in the present context. Economic self-sufficiency is a matter to be considered in determining whether the part taken should be valued separately and apart from the remaining land. Territory of Hawaii v. Adelmeyer, 45 Haw. 144, 363 P.2d 979 (1961). It does not logically bear on the question of whether the part taken, which is admittedly not economically self-sufficient, contributes to the whole the same value per acre as the remaining land.

■ Use of the average value by the landowner's appraiser in this case is not based on any evidence that such an average could fairly be applied to the part taken. He testified that the entire tract is suited for residential development and that the low land would contribute to the value of the high land if developed for auxiliary recreational use, though no buildings could be erected upon it, but he did not testify that the low land was of equal or greater value. He merely took the average value as a whole and prorated it to the part taken. This is not a fair method of valuing a part which differs from the whole because of natural limitations. Since this was the only valuation testimony before the jury,

we sustain the city's point complaining that the verdict is not supported by the evidence, and we remand the case for a new trial.

■ On a new trial, if the testimony again shows that the part taken cannot be developed for its highest and best use apart from the remainder of the 213 acres, the parties should be permitted to show by their appraisers the market value of the whole tract and the relative values of the part taken and the remainder before the taking as components of that total value, considering the physical characteristics of each and the uses to which each is adaptable. Department of Public Works v. Oberlaender, 92 Ill.App.2d 174, 235 N.E.2d 3 (1968); 4A Nichols, Eminent Domain § 14.231 (3d Ed.1971). An opinion of the value of the part taken based on an average per acre value of the whole tract may be admitted only if there is evidence that the part taken contributed the same amount per acre as the remaining land. Testimony tending to show that the land taken contributed proportionately less value to the whole because of the more limited use to which it is adaptable, should also be admitted, and qualified appraisers should be permitted to give their opinions of the value of the part taken in the light of this difference, but they should not be permitted to value the part taken as a separate tract unless there is evidence that it could be developed separately for its highest and best use.

■ In testimony concerning the value of the part taken in relation to the whole, the expression "considered as severed land" would be contradictory and confusing. Similar confusion would result from use of this language in the special issue. Consequently the appraisers should not be required to confine their testimony to this formula, and in the charge the court may substitute the words "considered entirely

apart from the increase or decrease in value of the remaining land," which the Supreme Court has said to be the true meaning of "considered as severed land." State v. Walker, 441 S.W.2d 168 (Tex.1969). Such a variation from the *Carpenter* issue raises no problem of double recovery here, since no damage to the remaining land is claimed.

In giving these directions for another trial, we do not mean to lay down any general rule for trial of cases unlike the present. None of the Texas decisions has involved a case like we now have before us, and, therefore, we do not consider any of them contrary to our holding in this case. Much of the confusion in eminent domain litigation has arisen from attempting to apply methods of valuation appropriate in one case to another in which the facts are materially different.[4] The only principle applicable in all cases is that of fair and just compensation for the land taken, and to that end each case must be viewed in the light of its own facts. Jackson v. State, 441 S.W.2d 279 (Tex.Civ. App., Dallas 1969, no writ).

Reversed and remanded.

4. No single formula used by courts and appraisers is entirely satisfactory in all partial taking cases. The problem of determining the value of the part taken in relation to the whole without allowing overlapping damages would be resolved by adopting the rule recommended by leading text writers and accepted in some jurisdictions under which compensation would be measured by the difference between the value of the whole before the taking and the value of the remainder after the taking. Commonwealth v. Sherrod, 367 S.W. 2d 844 (Ky.1963) ; Territory of Hawaii v. Adelmeyer, 45 Haw. 144, 363 P.2d 979 (1961) ; 4A Nichols, Eminent Domain § 14.232 (3d Ed. 1971) ; 1 L. Orgel, Valuation Under Eminent Domain §§ 64, 65 (2d Ed. 1953). This "before and after rule" would permit benefits from the taking to be offset against the value of the part taken as well as against damages to the remainder in absence of a special instruction similar to that suggested in this opinion. Offset of benefits against the value of the part taken is not permitted in Texas under State v. Meyer, 403 S.W.2d 366 (Tex.1966), although respectable authority supports application of the "before and after rule" to permit such offset. Bauman v. Ross, 167 U.S. 548, 574, 17 S.Ct. 966, 42 L.Ed. 270 (1896) ; Commonwealth v. Sherrod, *supra*; State v. Baumhoff, 230 Mo.App. 1030, 93 S.W. 2d 104 (1936) ; Smith v. City of Greenville, 229 S.C. 252, 92 S.E.2d 639 (1956) ; Palmore, *Damages Recoverable in a Partial Taking*, 21 SW.Law J. 740 (1967) ; Peacock, *The Offset of Benefits Against Losses in Eminent Domain Cases in Texas*, 44 Texas L.Rev. 1564 (1966).