**DeWITT AND REARICK, INC., Trustee, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 6421.

Court of Civil Appeals of Texas, El Paso.

Nov. 26, 1975.

Rehearing Denied Dec. 31, 1975.

Peticolas, Luscombe, Stephens & Windle, John B. Luscombe, Jr., Harry Lee Hudspeth, El Paso, for appellant.

John L. Hill, Atty. Gen. of Texas, C. W. Pearcy, Watson C. Arnold, Asst. Attys. Gen., David M. Kendall, First Asst. Atty. Gen., Austin, for appellee.

## OPINION

WARD, Justice.

This is a condemnation partial taking case where claim for severance damages to the remainder was waived. The condemnation action was by the State of Texas, and it sought 3.423 acres of land for what was to become the Border Highway. The one issue submitted to the jury inquired as to the market value of the land condemned. The jury determined this to be $17,115 or $5,000 an acre. The landowner, being dissatisfied with the jury finding and with the judgment entered, has appealed. We affirm.

In 1965, the landowner purchased thirty acres of farm land for residential development purposes and at a price of $4,329 an acre. The property was south of and adjoined a fully developed residential subdivision of El Paso. The eastern boundary of the tract lay next to the Ascarate Golf Course while the southern end adjoined International Boundary Commission land containing the Rio Grande River next to the Mexican border. The landowner successfully developed most of the area, and by 1968

had disposed of all of the property with the exception of an irregularly shaped ten-acre tract of land lying in the south portion of the original thirty acres. At that time, the landowner determined that for the best and highest use, the remaining property could be developed as multi-family or apartment dwellings. An application for rezoning was presented to the City of El Paso, and after consideration it was refused. Further development of the landowner's property stopped, which the landowner blamed on the uncertainty in official circles as to where the Border Highway would be located. In 1971, the landowner sold a diagonal strip of land through his property to the City for what became known as the Delta Street Extension, and in 1972, the southeastern corner of the property was also sold to the City as a flood ponding area. Admittedly, these two conveyances were made under the threat of condemnation by the City and were purchased for use with the proposed Border Highway. This was the situation on February 12, 1973, the date of taking, when the State acquired the questioned 3.423 acres of this remaining property for the purposes of constructing the Border Highway, which will extend from the center of El Paso and follow the Rio Grande River and the Mexican border southward.

■ The landowner contends that there was no evidence, and that the evidence was insufficient to support the jury's answer to the submitted issue, and finally, that the answer was against the great weight and preponderance of the evidence. The landowner's testimony was to the effect the highest and best use of the entire remaining tract, including the part taken, was as multi-family or apartment use and that there was a reasonable probability that the property could be so favorably rezoned. The landowner's valuation testimony ranged from $20,000 an acre to $21,775 an acre. The State's testimony was that the highest and best use of the land was as residential lots and that a reasonable valuation was $3,000 an acre. The value as found by the jury was well within the range of the valuation testimony received. After having considered only the evidence favorable to the jury finding, together with the reasonable inferences arising therefrom, and ignoring all other evidence, the "no evidence" point is overruled. After considering all of the evidence, the "insufficient evidence" point is overruled, and finally, the jury's answer is not against the great weight and preponderance of the evidence and that point is likewise overruled.

The Appellant, by a series of four points, finds fault with the form of the special issue and the accompanying instruction. For convenience, we set forth the issue and instruction as submitted and as requested:

"ISSUE AND INSTRUCTION
SUBMITTED

"Issue

"From a preponderance of the evidence, what do you find was the market value of the 3.423 acres of land condemned by the State of Texas for highway purposes on February 12, 1973?

"Instruction

"In answering Special Issue Number One you are instructed that you shall not take into consideration any increase in value, if any, and decrease in value, if any, which may have accrued to the Defendant's land due to the location of said highway on such land."

"ISSUE AND INSTRUCTION
REQUESTED

| "Issue | "Instruction |
|---|---|
| "From a preponderance of the evidence, what do you find was the market value of the Defendant's tract of land being condemned immediately before the taking, considering the fact that it was supported by and was a part of the Defendant's whole property? | "In answering the foregoing Special Issue Number One you are instructed to exclude increase in value, if any, and decrease in value, if any, by reason of the benefits or injuries with regard to the property taken for State Highway purposes and you are to consider the reasonable market value of the land being taken as if there were no State Highway being constructed, but consider only the reasonable market value of the land as that term has been defined heretofore." |

All valuation witnesses apparently concluded that the part taken was not a self-sufficient economic unit and could not be considered independent of the remainder, and all values were ascertained by evaluating the part taken as a proportionate part of the whole. All witnesses further testified that the value of the part taken did not differ in any material respect from the value of the remainder. In light of this testimony, the proper basis was established for the proper admission of the average value technique. *City of Tyler v. Brogan*, 437 S.W.2d 609 (Tex.Civ.App.—Tyler 1969, no writ). See discussion, *City of Richardson v. Smith*, 494 S.W.2d 933 (Tex. Civ.App.—Dallas 1973, writ ref'd n. r. e.).

The first complaint made by the Appellant on the issue is in the failure of the Court to charge the jury in positive language to consider that the part taken was supported by and was a part of the whole property. Such a charge was suggested in the T. M. Diamond article, 11 Baylor Law Review 1 at p. 8. While the requested added part may have been proper, we fail to find error in the charge as given. The Court eliminated from the issue the phrase "considered as severed land" as contained in

the standard *Carpenter* charge. *State v. Carpenter*, 126 Tex. 604, 89 S.W.2d 194, rehearing denied, 126 Tex. 618, 89 S.W.2d 979 (1936). This is the portion often criticized when an average valuation is made of the part taken, and where it has been suggested that the words "considered entirely apart from the increase or decrease in value of the remaining land" be substituted for the phrase "considered as severed land." *State v. Cherry*, 517 S.W.2d 337 (Tex.Civ. App.—Dallas 1974, writ ref'd n. r. e.). In the case before us where all appraisal witnesses valued the part taken as a proportional part of the whole, the charge as submitted was proper and the jury could not have been misled.

The Appellant complains that the issue and instruction permitted the jury to consider project influence in making the finding. Appellant offered testimony that from 1968 until the date of taking, there existed a general knowledge that the Border Highway was going to be constructed, that this caused the two previous sales to the City, and that this knowledge deflated values. Insofar as the complaint is that the jury was permitted to consider project influence, we fail to see how the trial Court

could have instructed the jury any clearer than it did or how the suggested instruction was any improvement over the charge as given. That charge clearly directed the jury not to consider that influence. The Appellant made no effort to limit valuation as to any other date than that of the taking. *City of Fort Worth v. Corbin,* 504 S.W.2d 828 (Tex.1974). The series of points on the charge and instruction are overruled.

■ The trial Court granted two of the State's motions in limine to suppress evidence regarding either benefits received or injuries suffered to the property caused by any delay in making final plans for the project and which occurred prior to the date of taking. This action of the trial Court is the subject of a series of Appellant's points. As of February, 1973, the ten-acre tract had a most peculiar shape due to the prior two acquisitions made by the City. The State's appraiser testified that one reason he did not consider the highest and best use of the property as suited for apartment or multi-family development was due to the odd shape of the property. As best we can determine, the Appellant argues that influence of the project caused the odd shape which in turn destroyed the highest and best use of the land, and that he should be able to show project influence to this extent. Aside from the Appellant's inconsistent approach made in the group of points previously discussed, these points will be overruled. Any loss suffered by the Appellant due to the odd shape of the property and any loss from the refusal to rezone because of the odd shape was because of the two previous conveyances made by Appellant to the City under the threat of condemnation. Those losses, if any, were attributable to those conveyances and were compensated for at those times. They had nothing in common with the present taking.

■ Complaint is made of the admission of testimony of the State's witness, Norman Haddad, regarding 4.3 acres of land he purchased for $5,300 an acre within three months of the date of taking. This proper-

ty adjoined a portion of the Appellant's property to the west, had similar residence zoning, and was bought by Haddad for residential development. The sale was also used by the State's witness, Mr. Crook, as one of the bases for his opinion of value. The complaints are that this sale contained project influence. Haddad testified that Glenwood Drive on which the property fronted came to a dead end at its south end. This was the situation at the time of sale and the same dead end would exist after the completion of the project. The street had no connection with the project. The objections are overruled.

■ The State filed and was granted a motion to suppress any evidence of sales of land made to the City of El Paso in connection with the City's participation in the Border Highway. While one of the Appellant's witnesses was testifying and was being questioned by the Appellant's attorney, he suddenly blurted out that the City did acquire one such tract of .54 acres for $22,-500. Such a sale to a condemning authority was clearly inadmissible. *Gomez Leon v. State,* 426 S.W.2d 562 (Tex.1968). Out of the presence of the jury, the witness then informed the parties that the correct amount of the sale was $2500 for the .54 acre tract. The State moved for a mistrial, and in the alternative, requested the Court to instruct the jury not to consider the amount paid by the City that had been stated by the witness. The motion for mistrial was overruled, and the Court then instructed the jury not to consider the statement as made, and referred to the price as $2500. The Appellant now complains of the instruction of the Court and that it re-emphasized the amount in the minds of the jury and was an unauthorized comment by the Court on the evidence. The instruction was proper. In the face of the original motion to suppress, the statement made by the Appellant's witness was unfortunate and was entirely uncalled for. The error, if any, can be considered as being invited, as the statement came from the

Appellant's own witness. The Appellant should not now be heard to complain. *Hanna v. Wright*, 504 S.W.2d 779 (Tex.Civ.App. —Tyler 1974).

The statement made by the witness was again referred to by the Appellee's attorney in argument. Here the Appellant objected and requested the Court to instruct the jury not to consider the remark. The Court sustained the objection and so instructed the jury. Any error in the argument under these circumstances was cured. Points regarding these matters are overruled.

In its final argument, the State's attorney made the statement that "Now, I have tried to protect the peoples' money, that is what I have done." The argument was objected to and the objection was properly sustained. Any error in such argument was removed by the Court's instruction. *Camp v. Commissioners' Court of El Paso County*, 279 S.W.2d 927 (Tex.Civ.App.—El Paso 1955, writ ref'd n. r. e.). The Appellant's point concerning this argument is overruled.

The Appellant objected to the Court's instruction limiting the jury's consideration of the experts' testimony regarding the prices at which comparable properties were sold. The same instruction and limitation is set forth in *State v. Oakley*, 163 Tex. 463, 356 S.W.2d 909 (1962) at 911. We find no error in the instruction and the point in this regard is overruled.

Three comparables used by the State's witness are the subject of the last points made by the Appellant. Considering the trial Court's broad discretion, and the circumstances in this case, the points are overruled. *Texas Electric Service Company v. Graves*, 488 S.W.2d 135 (Tex.Civ.App.—El Paso 1972, writ ref'd n. r. e.).

We have considered all of the points presented by the Appellant and they are overruled. The judgment of the trial Court is affirmed.